# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERVIN MIDDLETON,

    Plaintiff,

vs.

OMELY TELECOM CORP.,

    Defendant.

Case No. 2:16-cv-01369-APG-GWF

**ORDER**

Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-2)

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1), filed on June 16, 2016.

## BACKGROUND

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(a)(iii) and 227(b)(1). Plaintiff alleges that Defendant violated the TCPA by calling Plaintiff's home phone thirty-two (32) times and leaving thirty-two (32) recorded messages using an automatic telephone dialing system without his permission. Plaintiff represents that after receiving four (4) of the aforementioned calls, Plaintiff requested that Defendant stop calling his number and additionally to mail a copy of Defendant's "Do Not Call" policy to him. Plaintiff represents that by failing to comply with both requests, Defendant demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(B). As a result, Plaintiff now seeks injunctive relief and damages pursuant to 47 U.S.C. § 227(b)(3).

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and

complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.    Instant Complaint

### A.     Telephone Consumer Protection Act

Plaintiff alleges that Defendant has violated the Telephone Consumer Protection Act ("TCPA"). The TCPA prohibits any person, absent the prior express consent from the telephone call recipient, from making "any call... using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to... any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). A person or entity may bring an action based on a violation of the TCPA, codified in 47 U.S.C. § 227, to enjoin such action and/or to

recover monetary loss or $500 in damages for each such violation. 27 U.S.C. § 227(b)(3). Further, if the court finds that the defendant willfully or knowingly violated the Act, the court may, in its discretion, triple the amount of the award. *Id.* Plaintiff alleges that Defendant Omely Telecom willfully or knowingly failed to comply with the TCPA when it proceeded to call and leave recorded messages using an automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's home phone without Plaintiff's consent, disregarding Plaintiff's express request that he not receive such calls. Therefore, Plaintiff has sufficiently pled a claim under the TCPA. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the Defendant named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint

was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or Defendant's attorney if it has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or Defendant's counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 14th day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge