# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| ERVIN MIDDLETON, | ) |
| Plaintiff, | ) Case No. 2:16-cv-01369-APG-GWF |
| vs. | ) **REPORT & RECOMMENDATION** |
| OMELY TELECOM CORP., | ) |
| Defendant. | ) |

This matter is before the Court on Sam Bateman's First Motion to Dismiss (ECF No. 28), filed on October 10, 2017.

On June 16, 2016, Plaintiff filed his Application for Leave to Proceed *In Forma Pauperis*. ECF No. 1. The Court granted Plaintiff's Application and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a). ECF No. 2. The Court found that Plaintiff sufficiently pled a claim under the Telephone Consumer Protection Act against Defendant Omely Telecom Corp and instructed the Clerk of the Court to file the complaint, issue summons to Defendant, and deliver the summons to the U.S. Marshal for service. On September 5, 2017, Plaintiff filed his first amended complaint without leave of court. He added new parties including Sam Bateman as a defendant in this matter. On September 19, 2017, the Court instructed the Clerk of Court to strike Plaintiff's first amended complaint and corresponding summons be stricken for failure to comply with Fed. R. Civ. P. 15(a) and that all parties other than Plaintiff Ervin Middleton and Defendany Omely Telecom Corp. be removed from the CM/ECF service list.

Mr. Bateman requests that the Court dismiss him as a defendant from Plaintiff's complaint based upon absolute judicial immunity. Plaintiff's first amended complaint naming Mr. Bateman

as a defendant has been stricken for failure to comply with Rule 15(a).  Mr. Bateman has been terminated from this matter and is not a defendant.  *See* ECF No. 19.  Accordingly,

**IT IS RECOMMENDED** that Sam Bateman's First Motion to Dismiss (ECF No. 28) be **denied** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge