**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ervin Middleton, | 2:16-cv-01369-JAD-GWF |
| Plaintiff | **Order Denying Writ Relief and Reconsideration** |
| v. | [ECF Nos. 23, 24, 30, 32] |
| Omely Telecom Corp. aka Pro Tax & Accounting, | |
| Defendant | |

Plaintiff Ervin Middleton brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), claiming that defendant Omely Telecom Corp. violated the TCPA with dozens of automatic-dialing phone calls to his home.[1] When Middleton later filed an amended complaint without first obtaining the required leave of court—adding a second plaintiff, civil-rights claims, and ten new defendants including a mayor, state and federal judges, banks, and the Internal Revenue Service—Magistrate Judge George Foley, Jr., struck the rogue pleading without prejudice to Middleton's ability to file a proper motion for leave.[2]

Middleton has since filed a flurry of documents challenging that decision, including a "writ of error quae coram nobis residant," a petition for writ of habeas corpus, and a demand for habeas corpus hearing.[3] Central to all of them is his belief that magistrate judges lack the authority to issue orders.

I liberally construe Middleton's writ of error quae coram nobis residant as a timely motion to reconsider the magistrate judge's order striking the amended complaint, and I deny it. I also deny Middleton's habeas requests because the fact that he is not an convicted person in

---

[1] ECF No. 3 (complaint); ECF No. 2 (screening order).

[2] ECF No. 19.

[3] ECF Nos. 23, 24, 30, 32.

custody makes habeas relief unavailable to him. And to get this case back on track, I order the service of the original summons and complaint on Omely Telecom Corp. by December 29, 2017.

## Analysis

**A.  Magistrate Judges have authority to issue rulings on pretrial issues.**

I first address the theory at the center of Middleton's recent motions: that magistrate judges lack the power to issue orders. This notion is false. The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A) vests power in, and establishes the jurisdiction of, federal magistrate judges (like Magistrate Judge Foley) "to hear and determine any pretrial matter pending before the court, except" certain matters not implicated in this case.[4] The local rules of this district further bolster that power, reiterating that "A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception" to the statute.[5]

Middleton operates under the misconception that magistrate judges can issue no rulings unless and until the parties have consented to send a case to the magistrate judge, and he makes it clear that he will not give that consent here.[6] But Middleton relies on a different part of the Federal Magistrates Act than the one that authorizes Judge Foley to issue rulings on pretrial matters in this case. That provision—28 U.S.C. § 636(c)—requires the consent of the parties for a magistrate judge to conduct the actual trial and enter final judgment, or fully and finally decide other dispositive issues that § 636(b)(1)(A) does not give magistrate judges the power to address. Consent is not required for a magistrate judge to resolve the pretrial issues contemplated by § 636(b)(1)(A), like screening claims, striking fugitive pleadings and improperly issued summonses, and resolving discovery-related issues. If Middleton disagrees with any pretrial order issued by the magistrate judge in this case, his remedy is to move for reconsideration of that order under the procedures established in Local Rule IB 3-1(a) and show "that the magistrate

---

[4] 28 U.S.C. § 636(b)(1)(A).

[5] LR IB 1-3.

[6] ECF No. 23 at 6.

2

judge's order is clearly erroneous or contrary to law."[7]

**B.   Writ Relief is Not Available**.

I reiterate that the proper vehicle for seeking district-judge review of one of the magistrate judge's pretrial rulings in this case is a motion for reconsideration. That review cannot be obtained by a petition for writ of habeas corpus. Only convicted persons "in custody" can seek a writ of habeas corpus[8] because this extraordinary writ is "a remedy for severe restraints on individual liberty."[9] Middleton is not in custody. And his suggestion that Magistrate Judge Foley placed him in "constructive custody"[10] by striking his amended complaint without prejudice does not come close to establishing the type of "severe" and "immediate" restraint on liberty that habeas relief requires.[11] I thus deny Middleton's petition for writ of habeas corpus[12] because such an extraordinary writ is not available to Middleton either for the purpose he seeks it or in this case at all.[13] And because I am denying that petition, I also deny as moot his request for oral argument on that petition.[14]

A writ of error quae coram nobis resident is also not the proper vehicle for challenging Judge Foley's order. This rare and extraordinary writ is available only to a convicted person who wants to attack his criminal conviction but can no longer pursue habeas relief because he has

---

[7] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

[8] *See* 28 U.S.C. §§ 2241(c), 2254, 2255; *Bailey v. Hill*, 599 F.3d 976 (2010).

[9] *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973).

[10] ECF No. 30 at 3–4.

[11] *See Hensley*, 411 U.S. at 351 (describing the type of restraints that make a petitioner "in custody" for purposes of the habeas statutes).

[12] ECF No. 30.

[13] If Middleton can demonstrate that he is, in fact, in custody and he is entitled to a writ of habeas corpus, he must file a petition for writ of habeas corpus in a new, separate action using the instructions and forms on the district court's website (https://www.nvd.uscourts.gov).

[14] ECF No. 32.

3

been released from custody.[15] It is not an available tool for seeking review of a magistrate judge's order striking a fugitive pleading in a civil lawsuit like this one. So I deny Middleton a writ of coram nobis.[16] But to the extent that this writ challenges Magistrate Judge Foley's order striking the amended complaint, I liberally construe it as a motion for reconsideration of that order under 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1(a).

**C.     The Motion for Reconsideration is Denied**.

A magistrate judge's pretrial ruling may be modified or set aside if it is "clearly erroneous or contrary to law."[17] Factual determinations are reviewed for clear error, and legal conclusions

---

[15] *Chaidez v. United States*., 568 U.S. 342, 345 n.1 (2013); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (remarking on the extraordinary nature of this writ and noting that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.") (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)).

[16] ECF No. 23. Contemporaneously with his "writ of error quae coram nobis residant," Middleton filed a document entitled "JUDICIAL NOTICE Federal Rules of Evidence> ARTICLE II. JUDICIAL NOTICE> Rule 201. Judicial Notice of Adjudicative Facts." ECF No. 24. I liberally construe this filing as a request for the court to take judicial notice (though it's framed as an order, not as a motion), and I deny it because the document contains quotes from various legal authorities, not facts of which the court could take judicial notice. *See* Fed. R. Evid. 201 (permitting the court to take judicial notice of various categories of facts).

Middleton is cautioned that he cannot file documents purporting to be filed on behalf of the court. *See, e.g.,* ECF Nos. 22 (findings of fact, purportedly filed by "THE COURT, on its own motion" and signed by Middleton on behalf of "The Court"); and 23 (writ signed by Middleton, which concludes, "THE COURT issues this WRIT OF ERROR QUAE CORAM NOBIS RESIDANT . . ."). If he wants relief from the court, Middleton must file a request styled as a motion. *See* LR IA 7-1(b). And although the court will liberally construe pleadings filed by pro se parties, Middleton is strongly cautioned that he still must follow the rules of this court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[17] LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

4

are reviewed to determine whether they are contrary to law.

Middleton takes issue with the magistrate judge's conclusion that his amendment was not permitted by Rule 15(a).[18] He argues that his timing was right under either (a)(1)(A) or (B).[19] But the time for amendment as of right had not yet started to run under either provision. The rule creates two 21-day windows for amendment as of right: (A) the 21-day period after service; and (B) the 21-day period after an answer or certain motions.[20] Because Middleton filed his amended complaint before he served the original one and before any answer or motion was filed, his amendment-as-of-right time had not yet started to run under either provision. So I cannot conclude that the magistrate judge's conclusion that his amended complaint was not authorized by Rule 15 was clearly erroneous or contrary to law.

Plaintiff's in forma pauperis (IFP) status gives this case an additional wrinkle and a separate reason to affirm the magistrate judge's order striking the amended complaint and summonses. When a plaintiff pursues litigation without having to pay the filing fee, his claims are subject to pre-service screening requirements.[21] Plaintiff's attempted amended complaint adds Ann Gates Middleton as a second plaintiff. That new plaintiff must either pay the filing fee or file her own application to proceed IFP.[22] "Although only one filing fee needs to be paid per

---

[18] ECF No. 23 at 2. Middleton also disputes the magistrate judge's authority to take any action in this case, a notion that I have dispelled above and do not readdress here. Additionally, he offers a handful of quotations from various statutes and cases that have no relevance to these issues. And finally, Middleton's suggestion that by striking the amended complain, the magistrate judge "deleted evidence" is meritless. A pleading is not evidence.

[19] *Id.*

[20] Before its amendment in 2009, the rule permitted amendment "before" the responsive pleading, so a plaintiff could amend at any time between filing his complaint and receiving the defendant's answer. The new rule allows amendment "within" these two 21-day windows.

[21] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

[22] 28 U.S.C. § 1914(a).

case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."[23] And the court would also need to screen the new plaintiff's claims under 28 U.S.C. § 1915A.

So amendment in this case was not as simple as merely filing and serving an amended complaint. Ann Gates Middleton cannot pursue claims unless and until she pays the full filing fee or is granted IFP status after having her own application for IFP status approved. And if she seeks and obtains IFP status, then the amended complaint will undergo its own screening under 28 U.S.C. § 1915A before the court will direct that it be filed and served. By filing the amended complaint and having the Clerk of Court issue summonses for the defendants named in the amended complaint, the Middletons skipped this process. Thus, even if the amended complaint had been authorized under Rule 15(a), the magistrate judge properly struck both it and all the prematurely issued summonses because the IFP process was not complied with. Accordingly, to the extent that Middleton's writ of coram nobis was intended as a motion for reconsideration of the magistrate judge's September 19, 2017, order, I deny it.

## Conclusion

IT IS THEREFORE ORDERED that the Writ of Error Quae Coram Nobis Residant, which I liberally construe as a motion for reconsideration of the September 19, 2017, order **[ECF No. 23] is DENIED**;

IT IS FURTHER ORDERED that the document entitled "judicial notice," which I construe as a request for judicial notice **[ECF No. 24] is DENIED**;

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus **[ECF No. 30] is DENIED**, and the motion for a hearing on that petition **[ECF No. 32] is DENIED** as moot; and

Because I have denied reconsideration of the magistrate judge's September 19, 2017, order striking the amended complaint and the resulting summonses [ECF No. 19], in an effort to get this case back on a schedule, IT IS HEREBY ORDERED that **the Clerk of the Court must**

---

[23] *Anderson v. California*, 2010 WL 4316996 at * 1 (S.D. Cal. Oct. 27, 2010).

**deliver to the U.S. Marshal for service the original summons [ECF No. 4] and a copy of the complaint [ECF No. 3] for service,[24] and send to the plaintiff the required USM-285 forms.** Plaintiff has 20 days to provide the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After plaintiff receives copies of the completed USM-285 forms from the U.S. Marshall, he has 20 days to file a notice with the court identifying if the defendant was served. If plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, he must file a motion with the court identifying the unserved defendant, providing a more detailed name and address, and indicating whether some other manner of service should be used. **Although Rule 4(m) requires service to be accomplished within 90 days from the date that the complaint was filed, in the interest of justice, this court extends that deadline to December 29, 2017.**

DATED: November 16, 2017.

_____
U.S. District Judge

---

[24] It appears that Omely Telecom Corp. was served with the revised summons and the amended complaint, not the original summons or complaint. *See* ECF No. 14.