# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ervin Middleton, | 2:16-cv-01369-JAD-GWF |
| Plaintiff | |
| v. | **Order** |
| Omely Telecom Corp. aka Pro Tax & Accounting, | [ECF Nos. 36, 37] |
| Defendant | |

After two years and several orders, this is a single-count Telephone Consumer Protection Act (TCPA)[1] case in which service has not yet been properly effected on the lone defendant. Plaintiff Ervin Middleton moves a second time for reconsideration of the denial of his requests for various types of writs. He also seeks my recusal for obvious "bias" he claims is evidenced by my unfavorable rulings on his motions, and in his request, he asks me to dismiss this case. I deny the motions for reconsideration and recusal because they lack merit. I also clarify that Middleton still has the ability to dismiss this case simply by filing a notice of voluntary dismissal. But if he wants this case to proceed, he will need to properly serve Omely Telecom Corp. with the original complaint and a newly issued summons by September 25, 2018.

**A.    Middleton has until September 25, 2018, to serve Omely Telecom Corp. with the original complaint and a new summons.**

Middleton filed this case against Omely Telecom Corporation for violating the TCPA "by leaving 32 recorded messages using [an] automatic telephone dialing system or artificial or prerecorded voices" on Middleton's home phone in the summer of 2013.[2] When Middleton amended that complaint to add a broad array of civil-rights and other claims against Henderson

---

[1] 47 U.S.C. § 227 et seq.

[2] ECF No. 3 at 2.

City officials, state judges, the district and magistrate judges that his TCPA case was originally assigned to, various banks, and the Internal Revenue Service,[3] Magistrate Judge George Foley struck that amended complaint and the summonses issued in conjunction with it,[4] and this case proceeded forward in its original posture against Omely Telecom only.  Because it was the amended complaint that Middleton had served on Omely, that proof of service was among those struck,[5] leaving no evidence in the record that Omely had been served with process.  So the Clerk of Court issued a notice to Middleton under FRCP 4(m) advising that his claims against Omely were at risk of being dismissed for failure to serve.[6]  Middleton responded by noting the service history.[7]

Middleton is correct that Omely has been served with something, but because that amended complaint is not viable, it is the original complaint [ECF No. 3] that he needs to serve on Omely along with a new summons that reflects the proper, single-defendant caption.[8]  It appears that some confusion has arisen because the order striking the amended complaint and its corresponding summonses did not direct Middleton to serve the original complaint on Omely. **Accordingly, I find good cause in the interest of justice under FRCP 4(m) to extend to September 25, 2018, the deadline to serve the original complaint [ECF No. 3] and a properly issued, properly completed summons on Omely.**  So I direct the Clerk of Court to issue a new summons for this purpose and provide Middleton with the form he needs to obtain the U.S. Marshal's assistance to effectuate service of his original complaint and a new summons on Omely.

---

[3] ECF No. 8 (stricken).

[4] ECF No. 19.

[5] ECF No. 14 (stricken).

[6] ECF No. 39 (notice).

[7] ECF No. 40.

[8] Like the one at ECF No. 4, but the new version will need Omely's address, too.

**B.     Middleton's objection is overruled [ECF No. 36].**

Middleton has asked for a variety of relief in this TCPA action, including a "writ of error quae coram nobis residant," a petition for writ of habeas corpus, and a demand for a habeas corpus hearing. Central to all of those requests was his belief that magistrate judges lack the authority to issue rulings in this case.[9] I denied those requests with a detailed, fully explained order.[10] Middleton objected to that order and demanded "a writ of quo warranto."[11] I liberally construed that objection as a motion for reconsideration and denied it.[12] He now moves again for reconsideration.[13]

This objection and reconsideration motion—founded primarily on Middleton's erroneous belief that the undersigned is a magistrate judge, not a district judge—is without merit. The district court did not "breezily ignore[]" evidence that supported his entitlement to a writ of habeas corpus, and the various Black's Law definitions that he quotes to support his "objection" do not persuade this district court that its prior ruling deserves reconsideration.[14] So I overrule this objection and deny reconsideration.

**C.     Recusal is not warranted [ECF No. 37].**

Middleton has filed an "Affidavit of Recusal and Malfeasance of Office and Misfeasance; verified,"[15] which I liberally construe as a request that I recuse myself from his case. In it, he

---

[9] ECF Nos. 23, 24, 30, 32.

[10] ECF No. 33.

[11] ECF No. 34.

[12] ECF No. 35.

[13] ECF No. 36.

[14] Middleton also suggests again that this court lacks jurisdiction over his case, *see* ECF No. 36 at 3, but *he filed this case* under the TCPA, a federal statute, and *he stated in his complaint* at paragraph 2 that this court has jurisdiction over this action by virtue of that very statute. *See* ECF No. 3 at ¶ 2.

[15] ECF No. 37.

3

contends that my rulings in this case have been arbitrary and negligent, which "show[s] that" I am "biased and prejudiced against [him] and unable to be fair, competent or impartial in this matter" and that "any order issued against [him] was prejudicial, corrupt and therefore void from its inception and this matter should summarily be dismissed."[16] Among my transgressions, he contends that I "stepped out of [my] function as a magistrate and, by [my] actions and statements, figuratively assumed the cloak of a tribunal," thus "outrageously exceeding [my] authority" in this case.[17]

Middleton's belief that the undersigned is a magistrate judge is simply wrong; I am the district judge assigned to his case. Beyond that, his complaints are entirely rooted in his disagreement with my rulings in this case.[18] As the United States Supreme Court explained in *Liteky v. United States*, however, opinions formed by the judge "in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,"[19] and Middleton has made no such showing. He has only pointed out that this district judge has denied motions in this case and he reiterates some of the reasons he believes those rulings were erroneous. But unfavorable rulings are a basis for appeal, not recusal.[20] Middleton's request for recusal is denied.

**D.    Middleton may voluntarily dismiss this case.**

Finally, I would be remiss if I did not address one point that keeps coming up in Middleton's filings. He has expressed several times that this court lacks jurisdiction,[21] and in his

---

[16] *Id*. at 2–3 (original emphasis deleted).

[17] *Id*. at 4.

[18] *See generally* ECF No. 37.

[19] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[20] *Liteky*, 510 U.S. at 555.

[21] *See* note 14, *supra*.

4

recusal affidavit, he specifically states that "**this matter should be summarily dismissed**."[22] Middleton filed this case. And, in light of its procedural posture, Middleton still has the ability to voluntarily dismiss it under Rule 41(a)(1)(A). So, if Middleton wants this case dismissed, all he has to do is file a Notice of Voluntary Dismissal under Rule 41(a)(1)(A) stating that he is voluntarily dismissing this case, and the court will dismiss it, close it, and issue no further orders in this case. But if he wants to proceed with this case, Middleton must ensure that Omely is served with the original complaint and new summons by September 25, 2018, or the court will dismiss this case without further prior notice.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- The "Objection to Order Denying Writ and to Relief and Reconsideration" **[ECF No. 36] is DENIED**;
- The request for recusal **[ECF No. 37] is DENIED**; and
- The Clerk of Court is directed to ISSUE SUMMONS to Omely Telecom Corp., 6825 Stockton Blvd # 280, Sacramento, CA 95823, and DELIVER that summons and a copy of the original complaint [ECF No. 3] to the U.S. Marshal for service. The Clerk of Court is further directed to SEND the required USM-285 form to Middleton, who will then have 20 days to provide the required USM-285 form to the U.S. Marshal at 333 Las Vegas Blvd. So., Suite 2058, Las Vegas, Nevada 89101. After Middleton receives copies of the completed USM-285 form from the U.S. Marshal, he has 20 days to file a notice with the court identifying if Omely was served with the summons and original complaint. If Omely is not served, and Middleton wishes to have the U.S. Marshal attempt service on it again, then Middleton must file a motion with the court that specifies a more detailed name and address and indicates whether some other manner of service should be used. It is up to Middleton to ensure that service is properly effectuated by the extended deadline

---

[22] ECF No. 37 at 2–3 (emphasis in original).

provided in this order—September 25, 2018.  **If Omely Telecom Corp. is not properly served with the original complaint and the new summons by September 25, 2018, this case will be dismissed under FRCP 4(m) without further prior notice.**

DATED: July 27, 2018.

                                                                                   _____
                                                                                  U.S. District Judge Jennifer Dorsey