UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ervin Middleton,<br><br>    Plaintiff<br><br>v.<br><br>Omely Telecom Corp. aka Pro Tax & Accounting,<br><br>    Defendant | 2:16-cv-01369-JAD-GWF<br><br>**Order Dismissing Action** |

After two years and several orders, this is a single-count Telephone Consumer Protection Act[1] case in which service still has not been effected on the lone defendant. In July 2018, I gave plaintiff Ervin Middleton one final opportunity to properly serve defendant Omely Telecom Corp. with the original complaint and a newly issued summons.[2] I had the Clerk of Court send Middleton the USM-285 form to fill out and provide to the U.S. Marshal's office so that service could be effected. And I explicitly warned—in bold—that "**If Omely Telecom Corp. is not properly served with the original complaint and the new summons by September 25, 2018, this case will be dismissed under FRCP 4(m) without further prior notice**."[3] But Middleton did not provide the U.S. Marshal with a completed USM-285 form, and service still has not been effected on Omely.[4]

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the

---

[1] 47 U.S.C. § 227 et seq.

[2] ECF No. 42.

[3] *Id.* at 6.

[4] *See* ECF No. 44.

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[6]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[7] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[8] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

---

[5] Fed. R. Civ. P. 4(m).

[6] Fed. R. Civ. P. 4(c).

[7] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[9] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

ordered by the court or prosecuting an action.[10] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[11] And that warning was given here.[12] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, because service was not effectuated within the time required by Rule 4(m) and the generous extension of that time period that the court granted in July 2018,[13] IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice under FRCP 4(m), and **the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

DATED: January 3, 2019.

_____
U.S. District Judge Jennifer Dorsey

---

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[11] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[12] ECF No. 42.

[13] *See id.* at 2.